UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-197 (ECT/LIB)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

LUCAS MATHEW KRAMER,

                Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Defendant, Lucas Mathew Kramer, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2). Defendant fully understands the nature and elements of the crime with which he has been charged. In exchange for his guilty plea, the Government agrees that it will not bring charges based on Defendant's conduct related to the current investigation of which the Government is aware at this time.

2.    **Factual Basis**. Defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1

In 2022, the National Center for Missing and Exploited Children (NCMEC) received several cybertips that an individual was uploading child pornography on Kik, a social media platform. These cybertips resolved to an IP address at Defendant's residence. Law enforcement executed a search warrant at that residence and found four cell phones that contained child pornography. These phones included: (1) a Samsung Galaxy S20+ with IMEI 352563119585579, (2) a Samsung Galaxy S20+ with IMEI 354551110090184, (3) a Samsung Galaxy S7 with IMEI 358518071064454, and (4) a Samsung Galaxy S9+ with IMEI 353322091235060. A forensic review of the phones revealed approximately 85 files containing NCMEC-identified child pornography. There were also sexually explicit messages on Telegram between Defendant and users who self-identified as being as young as 10 years old. In these messages, Defendant encouraged these self-identified users to send naked pictures of themselves.

Defendant agrees that he knowingly possessed files containing child pornography. He agrees that these files depicted real children under the age of 18 years old, and that the depictions are sexually explicit. Defendant further agrees that the file traveled in interstate commerce before or during Defendant's possession. Defendant acted knowingly and voluntarily in possessing these files, and knew that his actions violated the law.

3.     **Waiver of Pretrial Motions**. Defendant understands and agrees that Defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions

resolved and to file any additional pre-trial motions in this case. Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.   **Waiver of Constitutional Trial Rights.** Defendant understands that he has the right to go to trial. At trial, Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge Defendant guilty without a trial.

5.   **Additional Consequences**. Defendant understands that as a result of this conviction, Defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If Defendant is not a United States citizen, as a result of a plea of guilty, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant has discussed with his attorney the punishments and

3

consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.   **Sex Offender Registration.** Defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, Defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout Defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq.*

7.   **Statutory Penalties**. Defendant understands that Count 1 of the Indictment, charging Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2), is a felony offense that carries the following statutory penalties:

   a.   a maximum of 20 years in prison;

   b.   a supervised release term of at least 5 years up to a maximum supervised release term of life;

   c.   a maximum fine of $250,000

   d.   mandatory restitution to victims;

   e.   a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

   f.   a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

   g.   a mandatory assessment of up to $17,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 if the defendant is found not to be indigent,  pursuant to 18 U.S.C. § 2259A(a)(1).

8.    **Guidelines Calculations**.  The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*.  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>.  The parties agree that the base offense level is 18.  U.S.S.G. § 2G2.2(a)(1).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by a total of 15 levels: 2 levels because the material involved prepubescent minors (U.S.S.G. § 2G2.2(b)(2)); 2 levels because Defendant knowingly engaged in distribution (U.S.S.G. § 2G2.2(b)(3)(F)); 4 levels because the material involves the sexual abuse or exploitation of a toddler (U.S.S.G. § 2G2.2(b)(4)); 2 levels because the offense involved a computer (U.S.S.G. § 2G2.2(b)(6)); and 5 levels because the offense involved 49 images and 34 videos (U.S.S.G. § 2G2.2(b)(7)(D)).  The parties agree that no other specific offense characteristics apply.

    c.    <u>Chapter 3 Adjustments</u>.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  As Defendant has timely notified the Government of Defendant's intention to enter a plea of guilty, the Government agrees to recommend that Defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion.  However, Defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) Defendant testifies truthfully during the change of plea and sentencing hearings; (2) Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) Defendant

engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should Defendant engage in any conduct inconsistent with acceptance of responsibility.

e.   Criminal History Category. The parties believe that, at the time of sentencing, Defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.   Guidelines Range. If the adjusted offense level is 30, and the criminal history category is I, the Sentencing Guidelines range is **97–121 months of imprisonment**.

g.   Fine Range. If the adjusted offense level is 30, the Sentencing Guidelines fine range is $35,000–$250,000. U.S.S.G. § 5E1.2(c).

h.   Supervised Release. The Sentencing Guidelines' term of supervised release is 5 years to life. U.S.S.G. § 5D1.2.

9.   **Revocation of Supervised Release**. Defendant understands that if Defendant were to violate any supervised release condition while on supervised release, the Court could revoke Defendant's supervised release, and Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. Defendant also understands that as part of

any revocation, the Court may include a requirement that Defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

11.   **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, Defendant will have no right to withdraw his guilty plea.

12.   **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted, pursuant to U.S.S.G. § 5E1.3. Defendant also understands that, unless he is found to be indigent, the Court must impose a special assessment of $5,000 under the Domestic

Victims of Trafficking Act, 18 U.S.C. § 3014, and a special assessment of up to $17,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act, 18 U.S.C. § 2259A(a)(1). Defendant agrees to pay any special assessment ordered by the Court.

13.     **Restitution Agreement**. Pursuant to 18 U.S.C. § 3663A(a)(3), Defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC. The parties agree that the amount of restitution owed under this subparagraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victims' losses. Defendant understands that the restitution amount for individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual.

14.     **Disclosure of Assets.** Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which Defendant has any right, title, or interest, or over which Defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by Defendant. Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. Defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning Defendant's assets and expressly authorizes the United States to obtain a credit report on Defendant to evaluate Defendant's ability to satisfy financial obligations imposed

by the Court. If requested by the United States, Defendant agrees to submit to one or more

asset interviews or depositions under oath.

15.   **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18

U.S.C. § 2253:

      a.    any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

      b.    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

      c.    any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

Defendant agrees that the property subject to forfeiture includes but is not limited

to: (1) a Samsung Galaxy S20+ with IMEI 352563119585579, (2) a Samsung Galaxy S20+

with IMEI 354551110090184, (3) a Samsung Galaxy S7 with IMEI 358518071064454,

and (4) a Samsung Galaxy S9+ with IMEI 353322091235060. Defendant agrees that these

items are subject to forfeiture because they were used to commit Count 1 of the indictment.

The United States reserves the right to seek forfeiture of substitute assets and to forfeit

additional directly forfeitable property. Defendant waives any right to the return of any

digital data contained on the electronic devices that are subject to forfeiture.

Defendant agrees that the United States may, at its option, forfeit such property

through civil, criminal, or administrative proceedings, waives any deadline or statute of

limitations for the initiation of any such proceedings, and abandons any interest Defendant

may have in the property. Defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent Defendant has sought remission or otherwise challenged the forfeiture of the above-described property, Defendant withdraws any such challenges.

16.   **Waivers of Appeal and Collateral Attack**.  Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to: Defendant's waiver of the right to appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed or any issues that relate to the calculation of the Guidelines range, the supervised-release term and conditions imposed, any restitution obligations, and the constitutionality of the statutes to which Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 1̶2̶0̶ ~~121~~ *or LK* months' imprisonment.

Defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render Defendant's conduct non-criminal or that render the sentence imposed illegal.

Defendant has discussed these rights with Defendant's attorney. Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the Government may appeal the substantive reasonableness of a term of imprisonment below 108 months' imprisonment.

17.    **FOIA Requests.**  Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18.    **Complete Agreement.**    This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant.  By signing this plea agreement, Defendant acknowledges: (a) that Defendant has read the entire agreement and has reviewed every part of it with Defendant's counsel; (b) that Defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that Defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that Defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that Defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of Defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: 10/11/24

BY:  EMILY A. POLACHEK
Assistant United States Attorney

Date: 10/11/24

LUCAS MATHEW KRAMER
Defendant

Date: 10/11/24

CHRISTOPHER W KEYSER
Counsel for Mr. Kramer